## Merrett *et al. v.* Vance *et al.*

On exceptions to a motion to quash a forthcoming bond for a variance between the original judgment and the bond or other defect, both the judgment, the executions, and the bond must be embraced in a bill of exceptions, or they will not be of record.

It is too late to move to quash a forthcoming bond for irregularities after the return term.

IN ERROR from the circuit court of the county of Yazoo.

Wilkinson and Miles, for plaintiffs in error.

Gibbs and Holt, contra.

*Per Curiam.*

A suit was instituted in the circuit court of Yazoo county against Vance and Woods, as makers, and Dorsey as indorser of a promissory note, and judgment recovered. Execution process emanated on this judgment, and several terms after the rendition of the original judgment, to wit, at May term, 1841, a motion was made by the plaintiffs to quash the original *fieri facias*, the forthcoming bond which had been taken thereon, and all subsequent proceedings, because of a variance between the judgment and *fieri facias*. The motion was overruled, and to reverse this judgment this writ of error is prosecuted.

It appears by the bill of exception that the plaintiff in support of his motion introduced the original judgment, and also the *fieri facias* and bond, and also the subsequent *fieri facias* which issued on the forfeited bond, and closed his evidence. These matters of evidence are prefixed to, or inserted in the record of proceedings, but they are not incorporated in the bill of exceptions. Of themselves they constitute no part of the record in the proceedings on

Merrett *et al. v.* Vance *et al.*

this motion, and they should have been placed on the record by bill of exceptions. Whatever is not a part of the record proper, cannot be regarded as part of the record unless made so by bill of exceptions. We can only know what evidence was introduced below by having it certified to us by the bill of exceptions. Its identity then becomes unquestionable. This defect in the record is insisted on by the counsel for defendants, and the objection must be sustained. This point has been uniformly and repeatedly so ruled by this court.

It is also objected, that the motion to quash should have been made at the return term of the bond, and so it was ruled in 4 Howard, 369. Judgment affirmed.